UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION | ) | |
| LABORERS WELFARE FUND, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV2266MLM |
| | ) | |
| MERTENS PLUMBING AND | ) | |
| MECHANICAL, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter is before the court on Plaintiffs' Motion for Default Order to Compel an Accounting of Defendant Mertens Plumbing and Mechanical, Inc. [Doc. 22] Plaintiffs have filed a Memorandum in Support of their Motion. [Doc. 24] Defendant has not responded.

Plaintiffs' action is brought under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 seeking a default order of accounting and thereafter, a judgment for delinquent contributions and other amounts defendant Mertens Plumbing and Mechanical, Inc. owes to the Construction Laborers Benefit Funds. Defendant Mertens Plumbing and Mechanical, Inc. was served with the Summons and Complaint on December 7, 2005 and defendant has failed to file an Answer or other responsive pleading in the time required by Federal Rule of Civil Procedure 12. The Clerk of the Court has therefore entered defendant's default pursuant to Federal Rule of Civil Procedure 55(a). [Doc. 25]

Defendant, Mertens Plumbing and Mechanical, Inc. and defendant Louis Mertens were served with requests for admissions to which defendants failed to respond or object. Under Federal Rule of Civil Procedure 36, all the allegations were therefore admitted. The undisputed facts pertinent to plaintiffs' Motion, whether by admission or by documentary evidence attached to plaintiffs' Motion, are as follows: Defendant Mertens Plumbing and Mechanical, Inc. does business under the name Mertens Plumbing. Defendant Mertens Plumbing and Mechanical, Inc. and defendant Louis Mertens d/b/a Mertens Plumbing are parties to the collective bargaining agreements between Laborers Locals 42-53-110 and the Plumbing Industry Council, f/k/a Plumbing

Contractors Association of Metropolitan St. Louis from March 29, 2001 to date. Both defendants are bound to a collective bargaining agreement with Laborers Locals 42-53-110. Defendant Louis Mertens executed the agreement with the Laborers on behalf of both Mertens Plumbing and Mertens Plumbing and Mechanical, Inc. Mertens Plumbing is a fictitious business name for Louis Mertens. The collective bargaining agreement requires defendants to pay contributions to the Laborers' funds and to file monthly contribution report forms. Defendants are delinquent in submitting reports and contributions.

Plaintiffs seek and order compelling defendant Mertens Plumbing and Mechanical, Inc. to submit to a financial examination for the period of April 1, 2001 to the present. Absent such a financial examination, it is impossible to determine the amounts owed by defendant.

The collective bargaining agreement to which defendant is a party authorized plaintiffs to conduct a financial examination. See Article IV, Section 11 of the Agreements.

In addition, ERISA authorizes this court to grant equitable relief such as an accounting in an action for delinquent contributions. 29 U.S.C. § 1132(g)(2)(E).

In addition, Rule 55(b)(2) of the Federal Rules of Civil Procedures provides in relevant part:

...If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. ...

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Order to Compel an Accounting of Defendant Mertens Plumbing and Mechanical, Inc. is **GRANTED**. [Doc. 22]

**IT IS FURTHER ORDERED** that defendant Mertens Plumbing and Mechanical, Inc. submit to a financial examination for the period of April 1, 2001 to the date of this Order.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this ___20th___ day of July, 2006.