UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV2266 CDP |
| MERTENS PLUMBING AND MECHANICAL INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs are several ERISA employee benefits plans, the trustees and fiduciaries of those plans, and several unions. Plaintiffs seek unpaid contributions to these plans as well as interest, liquidated damages, costs, accounting fees, and attorney's fees. Plaintiffs have already obtained a judgment against defendant Singer Contracting Company, and seek here to collect that judgment against the other defendants. They also seek to hold defendants Mertens Plumbing and Mechanical Inc., Louis Mertens, Singer Contracting Company, and General Site Services, LLC jointly and severally liable for additional unpaid contributions, arguing that the three corporate defendants are alter egos of each other. Plaintiffs filed a motion for partial summary judgment against defendants General Site and

Mertens Plumbing. Because issues of material fact remain regarding the relationships among all these defendants, I will deny plaintiffs' motion.

## Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex</u>, 477 U.S. at 323.

1. <u>Liability for the Judgments Entered Against Singer</u>

Defendants first contend that plaintiffs' current claim against General Site Services for the unpaid judgments against Singer is impermissible under ERISA,

citing Peacock v. Thomas, 516 U.S. 352, 354 (1996). As a result, defendants argue that ERISA's veil piercing standard does not apply. They argue that the proper analysis is under Missouri's successor liability standard. Neither party is entirely correct. Plaintiffs' claim for the judgments against Singer is a claim for a creditor's bill in equity under Missouri law. A creditor's bill "enables a judgment creditor to 'trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services.'" H.H. Robertson Company v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993)(quoting Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo. Ct. App. 1989)). The Missouri alter ego standard applies to such claims. Id.; see also Mobius Management Systems, Inc. v. West Physician Search, L.L.C., 175 S.W.3d 186, 189 (Mo. Ct. App. 2005).

Missouri law presumes that corporations are separate entities, and courts do not lightly disregard the corporate form to hold one corporation liable for the behavior of another. Mid-Missouri Tel. Co. v. Alma Tel., 18 S.W.3d 578, 582 (Mo. App. 2000). Missouri courts will "pierce the corporate veil" and hold a defendant liable for the torts of another corporation under the "instrumentality" or "alter ego" rule if the plaintiff can establish:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Radaszewski v. Telecom Corp., 981 F.2d 305, 306 (8th Cir. 1992); see also Mobius Management Systems, Inc. v. West, 175 S.W.3d 186, 189 (Mo. App. 2005). This standard is almost identical to that applied in ERISA cases. See Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997) (alter ego applies where a corporation "(1) is controlled by another to the extent that it has independent existence in form only and (2) is used as a subterfuge to defeat public convenience, to justify wrong, or to perpetuate a fraud").

In determining whether one corporation exercised control over another to the extent necessary to pierce the corporate veil, I look to a number of factors, including: the ownership and creation of both corporations, the management of the corporations, the physical location of corporate offices, and the transfer of assets,

contracts, and employees between the corporations. See Operating Engineers Local No. 101 Pension Fund v. K.C. Excavating & Grading, Inc., 2002 WL 1492103, at *6 (W.D. Mo. March 11, 2002); see also H.H. Roberson Co. v. U.S. DiCarlo General Contractors, 789 F. Supp. 998, 1000 (E.D. Mo. 1992); Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp., 885 S.W.2d 771, 774 (Mo. Ct. App. 1994).

Because issues of material fact remain, I am unable to determine whether General Site Services is an alter ego of Singer. The parties dispute the ownership, management, officers, and employees of Singer and General Site Services. Additionally, the parties dispute the reason for Singer's decision to cease doing business and whether Singer's assets were transferred to General Site Services without payment for the reasonable value of those assets. As a result, summary judgment is inappropriate on this argument.

I also note that although ERISA does not provide an independent basis for subject-matter jurisdiction over plaintiffs' creditor's bill claim, plaintiffs have stated a separate ERISA claim for unpaid contributions by Mertens and General Site Services. Because the creditor's bill claim is related to the ERISA claim, I have supplemental jurisdiction.

2. <u>Claims for Unpaid Contributions by Mertens</u>

Plaintiffs' motion for summary judgment also seeks to hold Mertens and General Site Services liable for the unpaid contributions by Mertens. Although Mertens requested and was granted additional time to file a response to this summary judgment motion, Mertens did not file any response. Still, I will deny plaintiffs' summary judgment motion against Mertens because the affidavits submitted in support of the motion do not clearly establish that plaintiffs are entitled to the relief requested.

Plaintiffs' motion additionally seeks to hold General Site Services liable for Mertens' unpaid contributions under an alter ego theory. Unlike the Singer claim, this claim has not been reduced to a judgment. Therefore, there is no doubt that ERISA's alter ego standard should apply to this claim. <u>See</u> <u>Greater Superior General Contractors</u>, 104 F.3d at 1055.

Under ERISA's alter ego standard, General Site Service can be held liable for the unpaid contributions by Mertens as an alter ego if plaintiffs can establish that Mertens was (1) controlled by General Site Services to the extent that it has an independent existence in form only and (2) was used as a subterfuge to defeat public convenience, to justify wrong, or to perpetrate a fraud. <u>Id.</u> The essence of this test is "whether or not under all the circumstances the transaction carries the

earmarks of an arm's length bargain." Id.

As with Singer, material facts remain in dispute so I cannot grant summary judgment on this claim. Disputes remain with regard to Mertens' ownership, purpose, employees, and place of business. The parties also dispute the location of business records, tools, and equipment. As a result, summary judgment is inappropriate on this argument.

3.   Defendants' Motion to Strike

Defendants have filed a motion to strike the affidavits of Sherrie Schroder and Bernad Difani and the supporting documents because these witnesses were not disclosed by plaintiffs in initial disclosures. Defendants argue that plaintiffs' failure to comply with Rule 26(a)(1) was not substantially justified and that they have been prejudiced by this failure.

I will deny the motion to strike because both sides admit that they did not provide initial disclosures. It seems inequitable to me to allow defendants to lie in wait to seek to strike plaintiff's evidence because it was not disclosed when defendants have made no attempt to seek disclosure or to make disclosures of their own. Both parties are obligated to obey discovery rules, and if they are going to agree not to follow the case management order, they should not turn around and ask me to enforce an order they agreed to ignore.

Additionally, I do not believe that defendants were prejudiced in any way by the failure to disclose these particular witnesses or documents. There has been no unfair surprise here – all the information was provided through court filings or discovery, or was obtained from defendants themselves as part of the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment [#44] is denied.

**IT IS FURTHER ORDERED** that Defendants' motion to strike [#50] is also denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2007.