UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV2266 CDP |
| MERTENS PLUMBING AND MECHANICAL INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' motion for contempt against John Dickinson, principal of defendant/judgment debtor General Site Services, LLC. Plaintiffs' motion is accompanied by an affidavit of counsel and an exhibit. Although I previously issued a show cause order on this matter, it appears that John Dickinson might not have been served with that order. As a result, I am issuing this order and resetting the show cause hearing for **June 30, 2008** at **12:30 p.m.** in **Courtroom 14 South**. **John Dickinson must appear at this hearing or he will be held in contempt of court.**

### Background

Plaintiffs filed this action on December 2, 2005, to recover delinquent fringe

benefit contributions, liquidated damages, and interest owed to the plaintiff benefits funds pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(2) ("ERISA") and the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). The complaint asserted that defendants Mertens Plumbing and Mechanical Inc., Singer Contracting Company, General Site Services, LLC were alter egos and were bound by the provisions of a collective bargaining agreements to make monthly payments to the plaintiff benefits funds in specified amounts and to submit monthly report forms.

Defendants were served with summons and complaint, and answered. Defendants successfully defeated plaintiffs' motion for summary judgment, but after I allowed defendant General Site Services, LLC's attorneys to withdraw, General Site Services was unrepresented. On July 19, 2007, I held a bench trial in this case. Plaintiffs presented their evidence and defendant General Site Services did not appear or present any defense. I entered judgment in this case on December 13, 2007 against defendant General Site Services in the amount of $90,477.11.

On March 7, 2008, plaintiffs filed a motion to compel John Dickinson to appear for a post-judgment deposition in aid of execution of their judgment. On

March 13, 2008, I granted plaintiffs' motion to compel and ordered John Dickinson, principal of General Site Services, LLC, to appear for deposition at the offices of plaintiffs' counsel on March 28, 2008, at 10:00 a.m., and to produce the requested documents at the same time. The affidavit of plaintiffs' counsel, Brian Love, states that John Dickinson, a principal of General Site Services, LLC, failed to appear at the scheduled deposition.

On May 27, 2008, I set a show cause hearing in this matter and ordered that, on June 10, 2008, John Dickinson and General Site Services, LLC show cause why civil contempt sanctions should not be imposed. I ordered the Marshal's Service to serve that order on Dickinson, but at the time of the hearing, it was unclear whether Dickinson had received notice of the show cause hearing. For that reason I am resetting the hearing.

## Discussion

The United States Supreme Court has stated "it is firmly established that the power to punish for contempt is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they

are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir.2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n. 56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him). See also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir.2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named

defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96CV1582 CDP (E.D.Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96CV1073 ERW (E.D.Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., 4:96CV1073 ERW (ordering that a bench warrant issue for the arrest of

the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that John Dickinson of General Site Services, LLC did not appear for deposition and did not produce records as ordered. It is also undisputed that Mr. Dickinson is a principal of General Site Services. At this point, the burden shifts to General Site Services and Mr. Dickinson to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506. Neither General Site nor Dickinson has made any attempt to show any of these things. Accordingly,

**IT IS HEREBY ORDERED** that defendant General Site Services, LLC and its principal, John Dickinson, are ordered to show cause why they should not be held in contempt of court for failure to appear for deposition on March 28, 2008, and to produce records as ordered by the Court on March 13, 2008.

**IT IS FURTHER ORDERED** that a hearing is set for **Monday, June 30, 2008 at 12:30 p.m.** in Courtroom 14 South of the Thomas F. Eagleton United States Courthouse, at which defendant General Site Services, LLC and its principal, John Dickinson, may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of March 13, 2008. Because incarceration is a possible civil contempt sanction, Mr. Dickinson has the right to representation by counsel. **Failure to appear for the hearing as ordered may subject Mr. Dickinson to arrest by the United States Marshal's Service.**

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order and a copy of the Memorandum and Order dated May 27, 2008 on defendant General Site Services, LLC, and its principal, John Dickinson, at 11739 Lackland Road, St. Louis, Missouri 63146 and John Dickinson at 17877 Wilderness Cliff Ct., Chesterfield, MO 63005.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2008.